IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER D. GODWIN,

                Petitioner,                            ORDER

      v.                                             08-cv-660-slc

LARRY JENKINS, Warden,
Redgranite Correctional Institution

                Respondent.

---

Roger Godwin, an inmate at the Redgranite Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for leave to proceed *in forma pauperis* was granted in a separate order. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

On July 2, 2002, petitioner was convicted of two counts of second degree sexual assault of a child in the Circuit Court for Grant County, which sentenced him to five years probation. The court revoked his probation in January 2003 and sentenced him to five years in prison and five years' extended supervision. Wisconsin Circuit Court Access, available at http://wcca.wicourts.gov, search Grant County case number 2002 CF 005 (visited November 14, 2008). While on extended supervision in May 2008, petitioner was charged

with three counts of sex with a child age 16 or older.  Id., Grant County case number 2008 CM 276.  Following a hearing on July 3, 2008, the circuit court revoked his extended supervision and sentenced him to 22 months in prison.  Grant County case number 2002 CF 005; dkt. #1.  Although petitioner filed a notice of intent to pursue postconviction relief in August 2008, he has not done so as of the date of this order.  Wisconsin Supreme Court and Court of Appeals Case Access, available at http://wcca.wicourts.gov, search Grant County case number 2008 XX 1100 (visited November 14, 2008).  Petitioner's criminal charges are pending in circuit court.

In his habeas petition, petitioner challenges the revocation of his extended supervision on two grounds.  In ground one, he requests that this court commit him to a federal or county mental health facility because he has bipolar and antisocial personality disorders.  In ground two, he alleges that the charges against him should be dismissed because he "was charged with a crime that never met the elements of the indictment" and "with four counts of the same indictment which is double jeopardy."  Dkt. #1, at 4.  Petitioner is not entitled to relief on either claim in this court.  Rule 4 of the Rules Governing Section 2254 Cases.

This court has no authority to alter the terms of petitioner's confinement or dismiss pending state criminal charges.  Younger v. Harris, 401 U.S. 37, 46 (1971).  In any event, he cannot bring a § 2254 habeas petition until he has exhausted his state court remedies by presenting his claims to the state courts.  Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir.

2003); United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979). Although petitioner filed a notice of intent to seek postconviction relief, nothing in the petition or in court records available electronically indicates that he has presented his claims to the circuit court, court of appeals and, if necessary, state supreme court. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n.28 (1982) (claims exhausted when presented to highest state court for ruling on merits or when state remedies no longer remain available). Because petitioner has not exhausted the remedies that are available to him in state court, the petition will be dismissed.

ORDER

IT IS ORDERED that the petition of Roger Godwin for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge